Thomas BURNSIDE, # 23452, Petitioner,

v.

Donald WYRICK, Warden, Missouri
State Penitentiary, Jefferson City,
Missouri, Respondent.

No. 80–0711–CV–W–1–R.

United States District Court,
W. D. Missouri, W. D.

Dec. 18, 1980.

Thomas Burnside, pro se.

No appearance entered, for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, Chief Judge.

Petitioner, currently confined at the Missouri State Penitentiary in Jefferson City, Missouri, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1976) in which he challenges his 1974 conviction for rape and kidnapping in the Circuit Court of Jackson County, Missouri.[1] Additionally, petitioner seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 (1976).

Leave to proceed in forma pauperis will be granted unless it appears that the claims made are frivolous or malicious. 28 U.S.C. § 1915(d) (1976). Because this petition is filed *pro se*, the allegation presented will be liberally construed under the guidelines for *pro se* pleading set forth in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

This is petitioner's second habeas corpus challenge to his 1974 conviction. In the

---

1. *State v. Burnside*, C–44849 (Jackson County Cir.Ct.1974).

previous action,[2] petitioner asserted four grounds for relief, three of which were denied on the merits by this Court in a Memorandum and Order entered January 23, 1979. Ground four of the prior petition, that petitioner was denied the effective assistance of counsel on appeal, was dismissed without prejudice for failure to exhaust state remedies.

In the cause now before the Court, petitioner does not again allege that he was denied effective assistance of counsel on appeal. Instead, he raises a new ground for relief, viz., that his 1974 trial subjected him to double jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution. While it appears from the records that petitioner's double jeopardy claim has not been exhausted at the state level, exhaustion will not be required as petitioner's claim to relief is wholly without merit.

The Double Jeopardy clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb". Petitioner alleges that his 1974 trial subjected him to double jeopardy in that he was tried for and convicted of two offenses although the evidence supporting the convictions "came out of the same transaction". Under the guidelines of *Haines v. Kerner, supra,* this Court construes petitioner's claim as one alleging that a single act served as the basis for multiple punishments in violation of the Fifth Amendment's Double Jeopardy clause. *See North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

■ The principle test for determining whether two offenses are the "same offense" for double jeopardy purposes is enunciated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In *Blockburger,* the Supreme Court held that:

... the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Id.* at 304, 52 S.Ct. at 182.

Application of the *Blockburger* test has been refined by later Supreme Court decisions so that the focus of the test is on the statutory elements of the offenses charged, rather than on any actual evidence adduced to prove each crime. In a recent case, the Supreme Court stated that:

... if 'each *statute* requires proof of an additional fact which the other does not' * * * the offenses are not the same under the *Blockburger* test. [Emphasis in original]

*Illinois v. Vitale,* 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228, 235 (1980). Moreover, the *Blockburger* test is said to be satisfied even in those instances in which there is a substantial overlap in the proof offered to establish the separate crimes. *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); *Iannelli v. United States,* 420 U.S. 770, 785, n. 17, 95 S.Ct. 1284, 1293, n. 17, 43 L.Ed.2d 616 (1975).

■ To determine whether petitioner in this instance was subjected to double jeopardy at his 1974 trial, the *Blockburger* test will be applied and, if each statute under which petitioner was convicted requires proof of an essential element which the other does not, the offenses will be considered separate and not violative of the Fifth Amendment's Double Jeopardy clause. Under Missouri law,[3] the essential elements of rape are: 1.) penetration of a female's sexual organs; 2.) accomplished by force or threats; and 3.) against the will of the woman. R.S.Mo. § 559.260 (1969). *See also State v. Ruhr,* 533 S.W.2d 656, 660 (Mo.App.1979). The offense of kidnapping requires proof of a forcible seizure, confinement, inveiglement or enticement of anoth-

---

**2.** *Burnside v. Wyrick,* No. 78–0680–CV–W–1 (W.D.Mo.1979).

**3.** In 1979, subsequent to petitioner's conviction, Missouri revised its Criminal Code. The statu-

tory provisions cited herein are those which were in effect at the time of petitioner's conviction.

er with the intent to transport or secretly confine that other against his will. R.S.Mo. § 559.240 (1969). Unlike kidnapping, the offense of rape requires proof of penetration of a female's sexual organs. A conviction of kidnapping, on the other hand, requires proof of an intent to transport or secretly confine another. Since these two offenses each require proof of an essential element which the other does not, the *Blockburger* test is satisfied, and the crimes are separate and distinct for double jeopardy purposes.[4]

Because petitioner was not subjected to multiple punishments for the same offense at his 1974 trial, his double jeopardy claim will fail and his petition for a writ of habeas corpus will be dismissed as "frivolous" under 28 U.S.C. § 1915(d). No further proceedings are required in this matter as it plainly appears from the face of the record that petitioner is not entitled to relief. Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts.*

Accordingly it is

ORDERED (1) that leave to proceed in forma pauperis under 28 U.S.C. § 1915 should be and hereby is denied. It is further

ORDERED (2) that the petition for a writ of habeas corpus should be and hereby is dismissed as "frivolous" under 28 U.S.C. § 1915(d).

---

4. For an example of Missouri's application of the *Blockburger* test under a similar double jeopardy challenge, see *State v. Gormon,* 584 S.W.2d 420 (Mo.App.1979). There, the Missouri Court of Appeals held that the offenses of kidnapping and "statutory" rape were separate offenses for double jeopardy purposes.